# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| MICHAEL SINDRAM, | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 07-0222 |
| WENDELLA P. FOX, | : | |
| Defendant. | : | |

### Memorandum and Order

YOHN, J.                                                                October ___, 2007

Plaintiff Michael Sindram filed a pro se complaint on January 22, 2007 against defendant, Wendella P. Fox, director of the United States Department of Education's Philadelphia Office for Civil Rights ("OCR"). I construe the complaint liberally to include allegations of (1) failure to provide documents plaintiff requested under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") (Compl ¶ 3); (2) violations of plaintiff's federal constitutional rights to "due process, fundamental fairness, equal protection of the law, and equal protection under the law" (*id.* ¶ 7); (3) violations of the Federal Tort Claims Act, 28 U.S. C. § 1346(b), 2671, *et seq.* ("FTCA") (*id.* ¶¶ 4-7); and (4) violations of section 504 of the Rehabilitation Act, 29 U.S.C. § 794, section 601 of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, and the Family Education Rights and Privacy Act, 20 U.S.C. § 1232g ("FERPA") (*id.* ¶ 5). Presently before the court is defendant's motion to dismiss the complaint, which I will grant. Plaintiff's claims under FOIA, the Due Process Clause, the Equal Protection Clause, and the FTCA are dismissed without prejudice and with leave to amend if plaintiff can in good faith make the necessary allegations

described in this memorandum.

## I.      Background

Taking the allegations in the complaint to be true, as I must in considering this motion to dismiss, the facts are as follows:  At various times, plaintiff was a student at Columbia Union College, Maryland University, and Washington Bible College ("the schools").  While attending the schools, he was discriminated against on the basis of his disability.  He filed complaints with the OCR.  Despite the OCR's mandate to investigate such claims, defendant has failed to do so.  (Compl. ¶ 2.)  Furthermore, plaintiff was retaliated against by the schools for filing complaints with the OCR, defendant was aware of the retaliation, and defendant again failed to take action.  (*Id.* ¶ 6.)  On October 7, 2006, plaintiff made a FOIA request, asking defendant to produce documents related to OCR's investigation of the schools.  Defendant did not comply with that request.  (*Id.* ¶ 3.)

Defendant's conduct allegedly caused plaintiff to suffer numerous injuries.  First, plaintiff alleges that the schools have retaliated against him by withholding monies and credentials owed him and by placing him in a false light, thereby causing him undue expense, burden, and hardship.  (*Id.* ¶ 4.)  Second, the schools allegedly have violated FERPA, thereby committing defamation, libel and slander, which has caused plaintiff mental anguish and loss of enjoyment of life.  (*Id.* ¶ 5.)

## II.     Legal Standards

Defendant has filed a motion to dismiss the complaint under Federal Rules of Civil

Procedure 12(b)(1) and 12(b)(6) or, in the alternative, for summary judgment under Rule 56.  I

will treat the motion as a motion to dismiss under Rule 12(b)(6).  Although both parties have

submitted exhibits, I am conscious of the risk of converting a motion to dismiss into a motion for

summary judgment without providing explicit notice to the responding party, especially here,

where the plaintiff is a pro se litigant and discovery is needed to flesh out plaintiff's claims.  *See*

*Rose v. Bartle*, 871 F.2d 331, 340-41 (3d Cir. 1989) (explaining the importance of notice and that

failure to provide appropriate notice is reversible error).  Thus, in ruling on the motion, I confine

my inquiry to the face of the complaint, ignoring the exhibits both parties attached to their briefs,

as well as defendant's factual arguments (except, as noted below, when considering this court's

jurisdiction).  *See Pension Benefit Guar. Corp. v. White Consol. Indus., Ind.*, 998 F.2d 1192,

1196 (3d Cir. 1993) ("To decide a motion to dismiss, courts generally consider only the

allegations contained in the complaint, exhibits attached to the complaint and matters of public

record."); *id.*  at 1197 (holding that "a document is not a public record for purposes of a motion

to dismiss solely because it might be subject to disclosure under FOIA").

A motion to dismiss under Rule 12(b)(1) challenges the existence of subject matter

jurisdiction.  Plaintiff bears the burden of proving that the relevant jurisdictional requirements are

met.  *See Dev. Fin. Corp. v. Alpha Housing & Health Care*, 54 F.3d 156, 158 (3d Cir. 1995).  A

motion to dismiss under Rule 12(b)(1) may present either a facial or a factual challenge to subject

matter jurisdiction.  *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.

1977).  "[W]hen there is a factual question about whether a court has jurisdiction, the trial court

may examine facts outside the pleadings . . . '[b]ecause at issue in a factual 12(b)(1) motion is the

trial court's jurisdiction—its very power to hear the case.'"  *See Robinson v. Dalton*, 107 F.3d

1018, 1021 (3d Cir. 1997) (quoting *Mortensen*, 549 F.2d at 891). Plaintiff's factual allegations

need not be accepted as true. *See id.* at 1021. The court is free to consider and weigh evidence

outside the pleadings to resolve factual issues bearing on the jurisdictional issue. *See Gotha v.*

*United States*, 115 F.3d 176, 179 (3d Cir. 1997).

In evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), all

allegations in the complaint and all reasonable inferences that can be drawn therefrom must be

accepted as true and viewed in the light most favorable to the nonmoving party. *Rocks v. City of*

*Phila.*, 868 F.2d 644, 645 (3d Cir. 1989) (citations omitted). The court may dismiss a complaint

"only if it is certain that no relief could be granted under any set of facts that could be proved

consistent with the allegations." *Swin Res. Sys., Inc. v. Lycoming County*, 883 F.2d 245, 247 (3d

Cir. 1989) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). A court need not,

however, credit a plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion*

*Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). "The issue is not whether [the claimant] will

ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In*

*re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997). "A pro se

complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal

pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears

'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

entitle him to relief.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*,

404 U.S. 519 (1972)).[1]

---

[1] While plaintiff is pro se, I note that he is no stranger to the judicial system. Because of
his abuse of the court process—by filing an excessive number of frivolous petitions—he "has
been sanctioned or enjoined from filing pro se actions in the United States Supreme Court, the

### III.   FOIA Claim

Plaintiff alleges that defendant "failed to provide" documents to which he was "entitled"

under FOIA.  (Compl. ¶ 3.)  Defendant argues in reply that (1) plaintiff failed to exhaust his

administrative remedies, and (2) OCR released responsive records to plaintiff.[2]

A plaintiff must exhaust administrative remedies before seeking judicial review of a

FOIA request.  *See Stebbins v. Nationwide Mut. Ins. Co.*, 757 F.2d 364, 291 (D.C. Cir. 1985)

(affirming dismissal of FOIA claims because "[e]xhaustion of such remedies is required under

the Freedom of Information Act before a party can seek judicial review"); *Brumley v. U.S. Dep't*

*of Labor*, 767 F.2d 444, 445 (8th Cir. 1994) (affirming dismissal of FOIA claims because

exhaustion is a prerequisite to suit); *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)

("[T]he FOIA should be read to require that a party must present proof of exhaustion of

---

United States Court of Appeals for the District of Columbia, the United States District Court for
the District of Maryland, and courts in the State of Maryland." *Sindram v. United States*, 67 Fed.
Cl. 788, 790 (2005) (footnotes omitted) (citing *In re Sindram*, 498 U.S. 177, 178 (1991);
*Sindram v. Johnson*, No. 91-7110, 1993 WL 135959 (D.C. Cir. Apr. 20, 1993); *In re Sindram*,
No. 00-5429, 2001 WL 135764 (D.D.C. Jan. 24, 2001); *Sindram v. Wallin*, No. S90-800, slip op.
at 2 (D. Md. Mar. 18, 1990); *Sindram v. Roth*, DCA No. 3206 & Civil No. 63862, slip op. at 2-3,
26 (Md. Cir. Ct. Jan. 14, 1993)).

[2] The relief plaintiff seeks in response to his FOIA claim is a writ of mandamus directing
defendant to comply with his FOIA request.  Defendant, however, seems to have read the
complaint so as to conclude that plaintiff seeks a writ of mandamus "ordering the agency to reach
[plaintiff's] desired result with regard to his discrimination complaints" filed with the OCR.
(Def.'s Mem. in Support of Mot. to Dismiss 2.)  I disagree with defendant's reading, as the
complaint states, in its only references to a writ of mandamus, the following:  in the paragraph
requesting damages, "Writ of Mandamus [to] issue to compel defendant [to] provide Plaintiff
entitled requested documents within specified time" (Compl. 2, ¶ 1); and, in the paragraph
describing the FOIA request, "Writ of Mandamus to issue requiring defendant [to] comply with
the law" (*Id.* at 1, ¶ 3).  Defendant has not briefed the question whether a writ of mandamus is
appropriate to enforce a FOIA claim, and I have dismissed, albeit without prejudice and with
leave to amend, the FOIA claim.  Therefore, I will not address the propriety of a writ of
mandamus here.

administrative remedies prior to seeking judicial review."); *Stauffer Chem. Co. v. Food & Drug Admin.*, 670 F.2d 106, 108 (9th Cir. 1982) (holding that "failure to exhaust administrative remedies is a matter in abatement, [and so] it should be raised by a motion to dismiss"); *Hedley v. United States*, 594 F.2d 1043, 1044 (5th Cir. 1979) ("[T]he FOIA should be read to require that a party must present proof of exhaustion of administrative remedies prior to seeking judicial review.").

Plaintiff has not alleged exhaustion of administrative remedies.  I will thus dismiss plaintiff's FOIA claim in accordance with Rule 12(b)(6)[3] without prejudice so that, if he has exhausted administrative remedies, plaintiff may file an amended complaint asserting exhaustion.[4]

## IV.     Constitutional Claims

Plaintiff alleges that defendant violated his rights to "due process, fundamental fairness, equal protection of the law, and equal protection under the law," and requests money damages. (Compl. 2, ¶¶ 7, 1.)  I construe this as two claims:  one based on the Due Process Clause and one based on the Equal Protection Clause.  "Fundamental fairness" is encompassed by the doctrine of

---

[3] In *McDonnell v. United States*, 4 F.3d 1227 (3d Cir. 1993), the Third Circuit addressed FOIA's exhaustion requirement in the context of a motion for summary judgment.  The court addressed the question whether failure to exhaust deprives the court of subject matter jurisdiction, and concluded that "failure to exhaust administrative remedies does not *per se* deprive the court of subject matter jurisdiction."  *Id.* at 1240.  Therefore, dismissal under Rule 12(b)(6), rather than under Rule 12(b)(1)  is appropriate.

[4] While not relevant in my evaluation of the claim for purposes of a motion to dismiss, I note that the government states that it "made a good faith release to plaintiff of the 170 pages of responsive records." (Def.'s Mem. 8, 13.)  If plaintiff's request has been fulfilled, plaintiff's amended complaint should no longer include a cause of action under FOIA.

due process.  *See Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 24 (1981) ("[T]he phrase [due

process] expresses the requirement of 'fundamental fairness' . . . ."); *Pedersen v. S. Williamsport

Area Sch. Dist.*, 677 F.2d 312, 317 (3d Cir. 1982) ("Essentially, fundamental fairness is what due

process means.").   Similarly, "equal protection *of* the law" is the same as "equal protection

*under* the law."  *See Rose v. City of Allentown*, 211 Fed. Appx. 133, 135, 138 (3d Cir. 2007)

(using the phrases interchangeably).

In response, defendant argues first that, to the extent plaintiff's claims are against

defendant in her official capacity, the United States has not waived its sovereign immunity with

respect to plaintiff's claims, as the decision whether and how to conduct an investigation is solely

within the discretion of the agency.  Second, defendant argues that, to the extent plaintiff's

claims are against defendant in her personal capacity, defendant is entitled to qualified immunity.


A.      **Sovereign Immunity and Agency Discretion**

A suit against a government officer in her official capacity[5] may be brought only when the

government has consented to the suit:  "The United States, as sovereign, is immune from suit

save as it consents to be sued, and the terms of its consent to be sued in any court define that

court's jurisdiction to entertain the suit."  *United States v. Sherwood*, 312 U.S. 584, 586 (1941).

Sovereign immunity is waived only to the extent that Congress, by statute, consents to its waiver.

---

[5] Official capacity suits "generally represent only another way of pleading an action
against an entity of which an officer is an agent."  *Monell v. New York City Dep't of Soc. Servs.*,
436 U.S. 658, 690, n.55 (1978).  "As long as the government entity receives notice and an
opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated
as a suit against the entity.  It is not a suit against the official personally, for the real party in
interest is the entity."  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (internal citation omitted).
Damages are paid by the government, rather than the individual.  *Id.*

*Id.* at 587-88.

The Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, ("APA") "waives federal sovereign immunity in certain circumstances to allow equitable relief from agency action or inaction." *Am. Disabled for Attendant Programs Today v. U.S. Dep't of Housing & Urban Dev.*, 170 F.3d 381, 383 (3d Cir. 1999).  Agency decisions "whether to undertake investigative or enforcement actions" are presumptively not judicially reviewable. *Id.* at 384 (citing *Heckler v. Chaney*, 470 U.S. 821, 838 (1985)).  However, "even where agency action is 'committed to agency discretion by law,' review is still available to determine if the Constitution has been violated." *Padula v. Webster*, 822 F.2d 97, 101 (3d Cir. 1987).  Here, plaintiff alleges violations of the Due Process and Equal Protection Clauses, so review of the agency's action is not foreclosed by the strictures of the APA.  Defendant is incorrect that these claims are barred by the APA.

Nevertheless, I will dismiss these claims because I cannot tell from the complaint the factual contours of the claims.  This dismissal will be without prejudice, however, allowing plaintiff to file an amended complaint.  Plaintiff's amended complaint should state whether he is suing defendant in her official or personal capacity, and should set forth the factual basis for his due process and equal protection claims.  The complaint should "provide grounds for . . . entitlement to relief by presenting factual allegations sufficient to raise the[] right to relief above a speculative level." *Stevenson v. Carroll*, 495 F.3d 62, 66 (3d Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)).

**B.      Qualified Immunity**[6]

Government officials performing discretionary functions who are sued in their individual

capacities[7] are entitled to qualified immunity for their actions if their conduct does not violate

clearly established statutory or constitutional rights of which a reasonable person would have

known.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Because the Supreme Court

characterizes the issue of qualified immunity as a question of law, *Elder v. Holloway*, 510 U.S.

510, 511 (1994), the Court has repeatedly encouraged the resolution of immunity questions early

in the proceedings.  *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001); *Hunter v. Bryant*, 502 U.S.

224, 227 (1991) ( per curiam); *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987).

The Third Circuit has noted, however, that "the imperative to decide qualified immunity

issues early in the litigation is in tension with the reality that factual disputes often need to be

resolved before determining whether the defendant's conduct violated a clearly established

constitutional right."  *Curley v. Klem*, 298 F.3d 271, 278 (3d Cir. 2002).  The Third Circuit has

observed that resolution of the question of immunity may be a fact-intensive inquiry that requires

a careful examination of the record.  *Grant v. City of Pittsburgh*, 98 F.3d 116, 122 (3d Cir. 1996).

---

[6] Many of the cases cited here explain qualified immunity in the context of suits against
state actors under § 1983.  The law is equally applicable to suits against federal officers:  "[W]e
deem it untenable to draw a distinction for purposes of immunity law between suits brought
against state officials under § 1983 and suits brought directly under the Constitution against
federal officials."  *Butz v. Economu*, 438 U.S. 478, 504 (1978).

[7] The complaint may be read as alleging that defendant violated plaintiff's constitutional
rights while acting in her personal capacity.  Plaintiff has requested punitive damages, and the
Third Circuit has assumed that plaintiffs seeking punitive damages have sued defendants in their
personal capacities.  *See Atwell v. Schweiker*, No. 06-3455, 2007 WL 2900565 (3d Cir. Oct. 4,
2007) (citing *Gregory v. Chehi*, 843 F.2d 111, 119-20 (3d Cir. 1988) (noting punitive damages
cannot be recovered from a defendant in his official capacity)).

Such an examination should include a detailed factual analysis of the actions of each individual

defendant. *Id.* The lack of a sufficient record on which to decide the qualified immunity issue is

of particular concern in the motion to dismiss context. In fact, the standard of review for a Rule

12(b)(6) motion favors denying qualified immunity. *Kulwicki v. Dawson*, 969 F.2d 1454, 1462

(3d Cir. 1992). "On review of a motion to dismiss for failure to state a claim, we look only to the

complaint to see whether there is any set of facts plaintiff can prove that would support a denial

of immunity." *Id.*

The likelihood of a qualified immunity defense does not, however, affect pleading

standards. "A plaintiff need not plead allegations relevant to an immunity claim in order to set

forth 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"

*Thomas v. Independence Twp.*, 463 F.3d 285, 293 (3d Cir. 2006) (quoting Fed. R. Civ. P. 8(a)).

"[W]hen a plaintiff, on his own initiative, pleads detailed factual allegations, the defendant is

entitled to dismissal before the commencement of discovery unless the allegations state a claim

of violation of clearly established law." *Id.* But there is no "an unprecedented rule of pleading

requiring a plaintiff to set forth allegations negating an affirmative defense." *Id.* (citing *Behrens

v. Pelletier*, 516 U.S. 299 (1996); *Mitchell v. Forsyth*, 472 U.S. 511 (1985)).

Plaintiff has not pled detailed factual allegations and has not alleged facts sufficient to

either prove or disprove that defendant violated clearly established law. Following the Third

Circuit's holding in *Thomas*, I conclude that plaintiff "has no obligation to plead a violation of

clearly established law in order to avoid dismissal on qualified immunity grounds." *Id.* "Even if

[I] were to assume that the allegations in the complaint were too vague and conclusory to state a

claim of violation of clearly established law, that pleading deficiency would not entitle

[defendant] to dismissal of the complaint on the basis of qualified immunity or any other ground." *Id.*

Although I will not dismiss plaintiff's complaint on qualified immunity grounds at this stage,[8] I will dismiss these claims for the reasons stated in the concluding paragraph of Part IV.A., *supra*. As above, this dismissal will be without prejudice so that plaintiff may file an amended complaint setting forth factual allegations.


## V.     Tort Claims

Plaintiff requests money damages as compensation for defendant's alleged "wanton and willful malicious misconduct." (Compl. ¶ 7.)  The complaint does not explicitly set out a claim under the FTCA; nor does it make clear whether plaintiff seeks compensation for torts in addition to compensation for constitutional violations.  But because of my duty to read this complaint liberally, I address whether plaintiff states a claim under the FTCA.  Defendant argues that plaintiff does not state a claim under the FTCA because plaintiff has failed to exhaust his administrative remedies.

The FTCA includes an exhaustion requirement:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency* in writing and sent by certified or registered mail.

---

[8]  This determination is, however, made without prejudice to defendant's right to reassert the qualified immunity defense when more facts are before the court.

28 U.S.C. § 2675(a) (emphasis added); *see also* 28 U.S.C. § 2401(b) (providing a two-year

statute of limitations for presenting a tort claim to the appropriate federal agency).  "This

requirement is jurisdictional and cannot be waived." *Bialowas v. United States*, 443 F.2d 1047,

1049 (1971).

      In this case, the jurisdictional challenge raised by the defendant is unquestionably factual

in nature, as it concerns not an alleged pleading deficiency, but rather the actual failure of

plaintiff's claim to comport with the jurisdictional prerequisites.  Therefore, as explained above,

*see supra* Part II, I may consider matters outside the pleadings in resolving the issue.

      Plaintiff has not alleged that he presented any tort claims to the Department of Education,

much less that any claims presented were finally decided.  Indeed, the defendant has provided an

affidavit of the officer responsible for investigating claims filed against the Department of

Education under the FTCA, who certifies that the plaintiff has not filed an FTCA claim.  (Def.'s

Mem. Ex. 26.)  Plaintiff has not contested defendant's claim that he failed to exhaust

administrative remedies.  Therefore, I will dismiss, under Rule 12(b)(1), any FTCA claim in

plaintiff's complaint without prejudice.  If plaintiff has, in fact, exhausted administrative

remedies, he may file an amended complaint asserting exhaustion.

## VI.    Private Rights of Action Under Section 504 of the Rehabilitation Act, Section 601 of Title VI, and FERPA

      Defendant suggests that plaintiff's complaint is "arguably an attempt to bring a private

right of action against the Department of Education . . . for alleged failures to enforce certain

federal anti-discrimination statutes" (Def.'s Reply 1), namely section 504 of the Rehabilitation

Act; Title VI; the Americans with Disabilities Act; 42 U.S.C. §§ 1981, 1983, and 1985; and the

Family Educational Rights and Privacy Act.  Defendant has thus raised and briefed the question

whether these statutes create a private right of action.

Even reading the complaint quite liberally, I do not find allegations that defendant

violated each of these statutes.  Other than FERPA, these statutes appear only in the paragraph in

which plaintiff alleges that "OCR has jurisdiction over the [c]omplaints but defendant failed to

take action required by law."  (Compl. ¶ 2.)   In plaintiff's brief in opposition to defendant's reply

brief, however, he asserts that "beneficiary may sue administrative agency under section 601 to

compel termination of funds" (Pl.'s Opp'n to Def.'s Reply 1) and that "he should have his

weighty meritorious cause of action proceed to trial on the merits of Plaintiff's Section 601[9] and

Section 504[10] claims against Wendella P. Fox" (Pl.'s Opp'n to Def.'s Reply 10) (footnotes

added).[11]

---

[9] Presumably "Section 601" refers to section 601 of Title VI of the Civil Rights Act of
1964, 42 U.S.C. § 2000d.  The complaint contains no allegation that defendant or her agency
violated section 601.  Plaintiff alleges only that "OCR is responsible for enforcing several civil
rights statutes including . . . Title VI of Civil Rights Act of 1964." (Compl. ¶ 2.)

[10] Presumably "Section 504" refers to section 504 of the Rehabilitation Act, 29 U.S.C. §
794, which is referenced in his complaint.  In the complaint, however, the only references to
section 504 are in the context of establishing that OCR has jurisdiction over plaintiff's
complaints about discrimination at the schools:  "OCR is responsible for enforcing . . . Section
504"; and "[the schools] receive [federal financial assistance] from the Department [of
Education] and is a public entity, therefore, is subject to provisions of Section 504, Title VI [of
the Civil Rights Act of 1964], Title II [of the Americans with Disabilities Act] and their
implementing regulations [sic]."  (Compl. ¶ 2.)  Nowhere in his complaint did plaintiff allege
that either defendant herself or the OCR violated section 504.

[11] Plaintiff's assertion of these claims only in his third filing (following his complaint and
his reply to defendant's motion to dismiss) is suspect.  They are raised only in the responsive
filing to defendant's brief, in which defendant, "out of an abundance of caution" argued that
plaintiff "does not have a private right of action against the Department of Education under

Because violations of sections 504 and 601 are not alleged in the complaint, I am not

required to consider these claims.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109 n.9

(3d Cir. 2002) ("[A] prisoner plaintiff (or any other plaintiff) should not be able effectively to

amend a complaint through any document short of an amended pleading.").  *But see, e.g.*, *Sodi v.*

*Discover Fin. Servs., Inc.*, No. 04-0128, 2004 WL 2755591, at *4 (E.D. Pa. Nov. 30, 2004)

(considering plaintiff's claims in her supplemental brief, "even though she failed to make these

claims in her complaint").  Nevertheless, giving plaintiff the benefit of the doubt, I will briefly

consider whether he has a private right of action under section 504 and section 601.

Section 504 of the Rehabilitation Act and section 601 of Title VI both create private

rights of action.  *See Three Rivers Ctr. for Ind. Living, Inc. v. Housing Auth.*, 382 F.3d 412, 425

(3d Cir. 2004) (section 504); *NAACP v. Med. Ctr., Inc.*, 599 F.2d 1247, 1259 (3d Cir. 1979)

(section 601).  These private rights of action, however, are available only against recipients of

federal funding (i.e., the schools), not against the funding agencies.  *NAACP*, 559 F.2d at 1254

n.27 (concluding that "the beneficiary may not sue the administrative agency under section

601"); *Marlow v. U.S. Dep't of Educ.*, 559 F.2d 1247, 1255 (2d Cir. 1987) (relying on *NAACP* to

hold that "section 504 does not provide for a claim against the Government when the plaintiff

seeks review of a particular agency decision regarding an alleged act of discrimination by a

recipient of federal funds").  Because there is no private right of action against a funding agency

under section 504 or section 601, I will dismiss these claims.

Only with respect to FERPA does plaintiff seem to allege, in his complaint, a violation of

federal statute:  "As a direct and proximate result of defendant's failure to act, she has caused

_____

Section 504 or Title VI" (Def.'s Reply 2), or any of the other statutes mentioned in the complaint.

[the schools] to violate Family Education Rights and Privacy Act with impunity to defame, libel, and slander Plaintiff and to cause him mental anguish and loss of enjoyment of life." (*Id.* ¶ 5.) An individual, however, has no right of action under FERPA. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 2870 90 (2002) (concluding that "there is no question that FERPA's nondisclosure provisions fail to confer enforceable rights"). Only the Secretary of Education may enforce the provisions of FERPA. *Id.* at 287 (citing 20 U.S.C. § 1232g(b)(1)). Because there is no private right of action under FERPA, I will dismiss plaintiff's FERPA claims.

## VII.    Conclusion

For the reasons set forth above, I will grant defendant's motion to dismiss plaintiff's FOIA and FTCA claims for failure to exhaust administrative remedies, without prejudice, allowing plaintiff leave to amend if he has, in fact, exhausted administrative remedies. I will dismiss plaintiff's claims under the Due Process Clause and the Equal Protection Clause without prejudice, granting plaintiff leave to amend his complaint so that it includes the factual basis for those claims. Finally, I will dismiss plaintiff's claims under section 504, section 601, and FERPA, as those statutes do not create private rights of action against the defendant or the OCR.

An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| MICHAEL SINDRAM,<br>Plaintiff, | : | |
| | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 07-0222 |
| WENDELLA P. FOX,<br>Defendant. | : | |
| | : | |
| | : | |

## Order

YOHN, J.

And now, this ___ day of October 2007, upon careful consideration of the government's

motion to dismiss plaintiff's complaint (Docket No. 3), plaintiff's response thereto, defendant's

reply brief, and plaintiff's response thereto, IT IS HEREBY ORDERED that

1.    defendant's motion to dismiss plaintiff's claim for failure to comply with

       plaintiff's request under the Freedom of Information Act, 5 U.S.C. § 522, is

       GRANTED, and plaintiff's claim is DISMISSED without prejudice and with

       leave to amend the complaint if he can in good faith allege that he has exhausted

       his administrative remedies; otherwise the dismissal is with prejudice;

2.    defendant's motion to dismiss plaintiff's claims for violation of his rights under

       the Due Process and Equal Protection Clauses of the United States Constitution is

       GRANTED, and plaintiff's claim is DISMISSED without prejudice and with

       leave to amend the complaint if he can in good faith allege a factual basis for his

       due process and equal protection claims;

3.    defendant's motion to dismiss plaintiff's claim under the Federal Tort Claims Act,

28 U.S. C. § 1346(b), 2671, *et seq.*, is GRANTED, and plaintiff's claim is

DISMISSED without prejudice and with leave to amend the complaint if he can in

good faith allege that he has exhausted his administrative remedies; otherwise the

dismissal is with prejudice; and

4.      defendant's motion to dismiss plaintiff's claims under section 504 of the

Rehabilitation Act, 29 U.S.C. § 794, section 601 of Title VI of the Civil Rights

Act of 1964, 42 U.S.C. § 2000d, and the Family Education Rights and Privacy

Act, 20 U.S.C. § 1232g, is GRANTED, and plaintiff's claims are DISMISSED

with prejudice.

IT IS FURTHER ORDERED that plaintiff has twenty (20) days to file an amended complaint as

described in the accompanying memorandum.


              _____s/ William H. Yohn Jr._____
                  William H. Yohn Jr., Judge