# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| MICHAEL SINDRAM, | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 07-0222 |
| WENDELLA P. FOX, | : | |
| Defendant. | : | |

## Memorandum and Order

YOHN, J.                                                        August ____, 2008

Defendant Wendella P. Fox, the director of the United States Department of Education's Philadelphia Office for Civil Rights ("OCR"), has filed a motion to dismiss plaintiff Michael Sindram's pro se Amended Complaint.  For the reasons that follow, I will grant the motion in part.  I will dismiss plaintiff's federal constitutional claims and his claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.* ("FTCA").  As for plaintiff's claim under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), I will allow plaintiff a final opportunity to produce evidence of exhaustion of administrative remedies.

I.      **Background**[1]

The allegations in the Amended Complaint are as follows.  At various times, plaintiff was a student at Columbia Union College, Maryland University, and Washington Bible College ("the

---

[1] To compile a cohesive account of the factual background, I have drawn on plaintiff's original complaint, the Amended Complaint, and plaintiff's response to defendant's motion to dismiss.

schools"). While attending the schools, he was discriminated against on the basis of age and disability. He filed complaints with the OCR. The OCR found violations of federal law by the schools, but has not taken enforcement action against the schools. Furthermore, plaintiff alleges he was retaliated against by the schools for filing complaints with the OCR, defendant was aware of the retaliation, and defendant again failed to take action. Plaintiff has also made FOIA requests, asking defendant to produce documents related to the OCR's investigation of the schools. Although the Department of Education released some records to plaintiff, defendant has not fully complied with plaintiff's FOIA requests. Plaintiff alleges that defendant's omissions have caused him damage to his reputation and economic harm.

Plaintiff filed his original pro se complaint on January 22, 2007, making essentially the same factual allegations as his Amended Complaint. On May 4, 2007, defendant filed a motion to dismiss the complaint, and on October 30, 2007, I granted the defendant's motion to dismiss the complaint, albeit with leave to amend certain claims. *See Sindram v. Fox*, No. 07-0222, 2007 WL 3225995, at *7 (E.D. Pa. Oct. 31, 2007). Specifically, I dismissed without prejudice and granted plaintiff leave to amend his federal constitutional claims if he could in good faith allege a factual basis for those claims, his FTCA claim if he could in good faith allege that he has exhausted his administrative remedies, and his FOIA claim if he could in good faith allege that he exhausted his administrative remedies. *Id.* I dismissed with prejudice plaintiff's claims under section 504 of the Rehabilitation Act, 29 U.S.C. § 794, section 601 of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, and the Family Education Rights and Privacy Act, 20 U.S.C. § 1232g, as these federal statutes do not provide a private right of action. *Id.*

Plaintiff filed his pro se Amended Complaint on November 30, 2007. On December 21,

2007, defendant filed a motion to dismiss the Amended Complaint.  Thereafter, plaintiff filed a response and defendant filed a reply.


## II.      Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir.1980) (citation omitted).  When evaluating a motion to dismiss, the court must accept as true all well-pleaded allegations of fact in the plaintiff's complaint, and any reasonable inferences that may be drawn therefrom must be viewed in the light most favorable to the plaintiff.  *See Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008); *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996).

The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This statement must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 1964 (citations and alterations omitted).  Furthermore, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 1965 (citations omitted); *see also Phillips*, 515 F.3d at 231-32.  There must be a "reasonable expectation that discovery will reveal evidence of" the plaintiff's claims.  *Id.* at 1965.

A motion to dismiss under Rule 12(b)(1) challenges the existence of subject matter jurisdiction.  Plaintiff bears the burden of proving that the relevant jurisdictional requirements are met.  *See Dev. Fin. Corp. v. Alpha Housing & Health Care*, 54 F.3d 156, 158 (3d Cir. 1995). "[W]hen there is a factual question about whether a court has jurisdiction, the trial court may examine facts outside the pleadings . . . '[b]ecause at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case.'"  *Robinson v. Dalton*, 107 F.3d 1018, 1021 (3d Cir. 1997) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).  Plaintiff's factual allegations therefore need not be accepted as true.  *See id.* at 1021. The court is free to consider and weigh evidence outside the pleadings to resolve factual issues bearing on the jurisdictional issue.  *See Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997).

## III.    Discussion

### A.    Claims Under the Rehabilitation Act and Civil Rights Act of 1964

In his Amended Complaint, plaintiff again makes claims under section 504 of the Rehabilitation Act and section 601 of the Civil Rights Act of 1964.  I dismissed these claims with prejudice in my order dated October 31, 2007.  Therefore, plaintiff may not reassert them in his Amended Complaint.

### B.    Federal Constitutional Claims

Plaintiff alleges in his Amended Complaint that plaintiff "now sues defendant Fox in her individual right and personal capacity for defendant Fox's wanton and willful rancorous malicious misconduct and total disregard of [plaintiff's] constitutionally-guaranteed rights perpetuated by defendant Fox outside [the] scope of defendant Fox's employment to violate [sic]

4

clearly established law."  (Am. Comp. ¶ 14.)  Plaintiff also alleges in his Amended Complaint

that defendant "in her individual right and personal capacity set for [plaintiff] a different standard

as opposed to others similarly situated manifestly or palpably beyond defendant Fox's authority."

(Am. Comp. ¶ 10.)  Although plaintiff alleges that his Amended Complaint is "cognizable under

. . . 42 U.S.C. § 1983 ([c]ivil action for deprivation of rights)" (Am. Compl. ¶ 2), in light of

plaintiff's pro se status, I will treat plaintiff's deprivation-of-constitutional-rights claims as

brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*,

403 U.S. 388 (1971), which established a direct cause of action against federal officials for

violations of the federal constitution.  Plaintiff's *Bivens* claims will be dismissed pursuant to

Federal Rule of Civil Procedure 12(b)(6).

As with the claims contained in the original complaint, I will dismiss these claims

contained in the Amended Complaint because I cannot tell from the Amended Complaint the

factual contours of plaintiff's constitutional claims.  In my order dated October 30, 2007

dismissing the original complaint, I instructed plaintiff that his amendments should "set forth the

factual basis for his due process and equal protection claims."  *Sindram*, 2007 WL 3225995, at

*4.  The Amended Complaint does not explain the factual basis of these claims.  It does not

"provide grounds for . . . entitlement to relief by presenting factual allegations sufficient to raise

the[] right to relief above a speculative level."  *Stevenson v. Carroll*, 495 F.3d 62, 66 (3d Cir.

2007) (citing *Twombly*, 127 S. Ct. at 1964-65).  It does not "raise a reasonable expectation that

discovery will reveal evidence of" constitutional violations by defendant.  *Twombly*, 127 S. Ct. at

1965.  Instead, the Amended Complaint includes only "labels and conclusions," which are

insufficient,  *id.* at 1964.  Indeed, the only facts apparent from the Amended Complaint are that

plaintiff made numerous complaints to the OCR about alleged violations of federal law by the schools and that, in his view, defendant did not adequately remedy his concerns.  Plaintiff does not explain when or how he was treated differently from other similarly situated individuals; he does not explain which of defendant's actions or omissions violated his due process rights;[2] he does not explain with respect to which complaints about which schools these alleged violations occurred.  Plaintiff has provided neither "fair notice" nor the "'grounds' on which the claim rests."  *Phillips*, 515 F.3d at 232.  His *Bivens* claim will thus be dismissed.

C.      **FTCA Claim**

Plaintiff also reiterates his claim under the FTCA.  I will dismiss this claim pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  The timely filing and denial of an administrative tort claim is prerequisite for suit under the FTCA.  *See* 28 U.S.C. § 2675(a) (prohibiting tort actions against the federal government "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency"); *see also id.* § 2401(b) (providing a two-year statute of limitations for presenting a tort claim to the appropriate federal agency).  "This requirement is jurisdictional and cannot be waived."  *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971).  Defendant asserts that plaintiff failed to file an administrative claim with the Department of Education and, therefore, that the court lacks subject matter jurisdiction.  The jurisdictional challenge raised by the defendant is unquestionably factual in nature, as it concerns not an alleged pleading deficiency, but rather the actual failure of plaintiff's claim to comport with the jurisdictional

---

[2] In his Amended Complaint, plaintiff does not name the federal constitutional provisions he alleges defendant violated.  In his original complaint, he listed his equal protection and due process rights.  I assume he relies on the same provisions here.

6

prerequisites.  Therefore, as explained above, *see supra* Part II, I may consider matters outside the pleadings in resolving the issue and need not accept plaintiff's factual allegations as true.

Plaintiff asserts in his affidavit attached to his response to defendant's motion to dismiss the Amended Complaint that he "timely filed Claim under Federal Torts Claims Act . . . with U.S. Department of Education in Washington, D.C."  (Sindram Aff. ¶ 8.)  He further asserts that he "timely filed and perfected [his] appeals, claims, complaints, documents, evidence, and letters with U.S. Department of Education in Washington, D.C. but have not received any follow-up response from any one to include, but not limited to, secretary of U.S. Department of Education (or his designee)."  (*Id.* ¶ 9.)  But plaintiff has not produced the administrative claim he allegedly filed or specified when or to whom he appealed.  Defendant, on the other hand, provided the affidavit of an assistant general counsel at the U.S. Department of Education who certified on April 22, 2008 that his staff located no record of plaintiff having filed an administrative FTCA claim.  (Haubert Aff. ¶¶ 1, 3.)  Defendant explains that the letter plaintiff references in his response (*see* Sindram Aff. ¶ 8), which plaintiff alleges he received from the agency in reply to his tort claim, is actually a letter in response to a complaint plaintiff filed on December 27, 2007 about alleged discrimination plaintiff experienced while a student at Howard University.  (*See* Def.'s Reply Ex. 6.)  The letter precipitating this response was obviously not an FTCA claim regarding the conduct of defendant.  As plaintiff has provided no evidence that he filed a tort claim with the Department of Education other than his bare allegation, his FTCA claim will be dismissed for lack of subject matter jurisdiction.

### D. FOIA Claim

Plaintiff also reiterates his FOIA claim.  This claim will be dismissed in thirty days from

the date of the order accompanying this memorandum unless plaintiff produces specific evidence

of his exhaustion of administrative remedies within the Department of Education.   A plaintiff

must exhaust administrative remedies before seeking judicial review of a FOIA request.   *See*

*Wilbur v. CIA*, 355 F.3d 675, 676 (D.C. Cir. 2004) ("Exhaustion of administrative remedies is a

mandatory prerequisite to a lawsuit under FOIA."); *McDonnell v. United States*, 4 F.3d 1227,

1240 (3d Cir. 1993) (holding that plaintiff had an obligation to pursue administrative remedies

prior to filing suit).  However, "failure to exhaust administrative remedies does not *per se*

deprive the court of subject matter jurisdiction."  *McDonnell*, 4 F.3d at 1240.  "[E]xhaustion is a

prudential consideration rather than a jurisdictional prerequisite."  *Wilbur*, 355 F.3d at 677.

Regardless of its jurisdictional status, exhaustion gives the federal agency "an opportunity

to exercise its discretion and expertise on the matter and to make a factual record to support its

decision."  *Oglesby v. Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990).  "The exhaustion

requirement also allows the top managers of an agency to correct mistakes made at lower levels

and thereby obviates unnecessary judicial review."  *Id.*  "Allowing a FOIA requester to proceed

immediately to court to challenge an agency's initial response would cut off the agency's power

to correct or rethink initial misjudgments or errors."  *Id.* at 64.

In the interests of judicial economy and deference to agency expertise, I will not hear

plaintiff's FOIA claim unless it has been administratively exhausted within the Department of

Education.  Plaintiff alleges, without providing a specific description or evidence, that he

"exhausted available administrative remedies . . . to have Fox fully comply with [his] FOIA

request."  (Am. Compl. ¶ 13.)  He asserts that he did "receive *some* ambiguous incoherent

incomplete indiscernible nonsensical overbroad redacted vague documents" in response to his

request.  (*Id.* ¶ 12.)  Plaintiff's affidavit adds only:  "I filed appeal(s) with U.S. Department of Education in Washington, D.C.  To date I have not received unredacted documents from U.S. Department of Education (documents I am entitled to under law) to frustrate and obstruct my numerous FOIA requests [sic].  Whatever has been received is nonsensical and unintelligible."  (Sindram Aff. ¶ 7.)

Defendant provided to the court evidence of the Department of Education's denial of plaintiff's FOIA claim, which includes notice of plaintiff's right to file an administrative appeal within thirty days of the Department of Education's decision and instructions on filing an appeal.  (*See* Def.'s Mot. Ex. 1.)  Defendant also provided the affidavit of the FOIA appeals coordinator at the Department of Education's Office of Management, who certified on April 10, 2008 that she located no record of plaintiff having filed a FOIA appeal.  (*See* Def.'s Mot. Ex. 2.)  Finally, defendant provided the 170 pages of documents responsive to plaintiff's request that the Department of Education released to plaintiff on April 10, 2007, subject to Privacy Act redactions.  (*See* Def.'s Mot. Exs. 3, 4.)  Again, the FOIA appeals coordinator affirmed that plaintiff did not file an appeal related to the release of these documents.  (*See* Def.'s Mot. Ex. 2.)  The evidence thus suggests that plaintiff has not exhausted his administrative remedies.

Without more specific information and documentation in support of plaintiff's claim that he exhausted his administrative remedies, the court cannot assure itself that it would be prudent to exercise its jurisdiction to hear plaintiff's FOIA claim.  The court will allow plaintiff thirty days to explain, with specificity, his exhaustion of administrative remedies within the Department of Education.  Plaintiff should provide the court with a copy of his appeal of the Department of Education's denial of his FOIA request and other documentation, if any.  If

plaintiff does not produce specific evidence of his exhaustion of administrative remedies related to his FOIA claim within thirty days, his FOIA claim will be dismissed.

**IV.     Conclusion**

For the reasons explained above, plaintiff's Amended Complaint is not cognizable under the section 504 of the Rehabilitation Act, section 601 of Title VI of the Civil Rights Act of 1964, the Due Process or Equal Protection Clauses of the U.S. Constitution, or the FTCA.  Plaintiff's claims under section 504 of the Rehabilitation Act and section 601 of Title VI of the Civil Rights Act of 1964 were dismissed with prejudice in my order dated October 30, 2007.  Defendant's motion will be granted as to plaintiff's federal constitutional claims and FTCA claim; these claims will be dismissed with prejudice.

As for his FOIA claim, plaintiff has thirty days to produce evidence of his exhaustion of his administrative remedies within the Department of Education.  If plaintiff does not produce such evidence within thirty days, defendant's motion will be granted as to this claim, too, and this claim will be dismissed.

An appropriate order follows.[3]

---

[3] In addition to the federal constitutional and statutory provisions discussed in this memorandum, plaintiff asserts that his Amended Complaint is cognizable under 42 U.S.C. § 1981 and the Age Discrimination Act of 1975, 42 U.S.C. § 6101 *et seq.*  (Am. Compl. ¶ 2.) Defendant has not briefed the issue whether plaintiff states a claim under these provisions; therefore, plaintiff's claims under these provisions cannot be addressed at this time.  However, the court is skeptical that plaintiff states a claim under either of these provisions because plaintiff has provided no factual basis for a claim based on either provision.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|                          |   |               |
|--------------------------|---|---------------|
| MICHAEL SINDRAM,         | : |               |
| Plaintiff,               | : |               |
|                          | : | CIVIL ACTION  |
| v.                       | : |               |
|                          | : | NO. 07-0222   |
| WENDELLA P. FOX,         | : |               |
| Defendant.               | : |               |

## Order

**AND NOW**, this _____ day of August 2008, upon careful consideration of defendant
Wendella P. Fox's motion to dismiss plaintiff Michael Sindram's Amended Complaint (Doc. No.
19), plaintiff's response thereto, and defendant's reply, **IT IS HEREBY ORDERED** that

1.       Defendant's motion to dismiss plaintiff's claims for violations of his federal
constitutional rights is **GRANTED**, and plaintiff's federal constitutional claims are
**DISMISSED** with prejudice.

2.       Defendant's motion to dismiss plaintiff's claim under the Federal Tort Claims Act, 28
U.S.C. § 1346(b), 2671, *et seq.*, is **GRANTED**, and plaintiff's claim is **DISMISSED**
with prejudice.

3.       Defendant's motion to dismiss plaintiff's claim for failure to comply with plaintiff's
request under the Freedom of Information Act, 5 U.S.C. § 522, is **DENIED**.  Plaintiff has
30 days from the date of this Order to produce evidence or a specific description of his
exhaustion within the Department of Education of his administrative remedies regarding
his FOIA claim.  If plaintiff does not produce such evidence within 30 days of the date of
this Order, defendant's motion to dismiss plaintiff's claim for failure to comply with

plaintiff's request under the Freedom of Information Act will be granted and plaintiff's claim will be dismissed with prejudice.

4.      To the extent defendant's motion to dismiss plaintiff's Amended Complaint intended to address plaintiff's claims under 42 U.S.C. § 1981 and the Age Discrimination Act of 1975, 42 U.S.C. § 6101 *et seq.*, the motion to dismiss plaintiff's Amended Complaint as to these claims is **DENIED**.


                                     s/ William H. Yohn Jr.
                                    William H. Yohn Jr., Judge